BENJAMIN RUSH and others v. HALCYON STEAMBOAT COMPANY.

*Corporations, service of process against.*

1. Notice of a motion for leave to issue execution against a corporation, served upon its president or managing agent (or others named in section 32 of the code) is sufficient. The "personal notice" mentioned in

section 256 of the code is but in contra-distinction to that given by publication. And it is not a sufficient answer to such motion to show that the judgment against the corporation had been paid by a surety to an appeal bond, where it appeared the money was returned to the surety upon vacation of the judgment as to him.

2. A corporation cannot be allowed to deny its organization and existence after contracting a debt in its corporate capacity, or answering a complaint demanding payment.

MOTION by plaintiffs for leave to issue execution heard at January Term, 1881, of THE SUPREME COURT.

*Messrs. Hinsdale & Devereux* and *N. W. Ray,* for plaintiffs.
*Mr. W. A. Guthrie,* for defendant.

SMITH, C. J. At June term, 1872, of this court, judgment was recovered by the plaintiff against the defendant and the sureties to the undertaking given on the appeal from the judgment of the justice who first tried the cause, upon which execution issued, and was paid by one of the sureties and the sheriff returned the same satisfied. At January term, the judgment as against the sureties was vacated as improvidently granted under sections 541 and 542 of the Code, and the money paid into the office was returned to the surety from whom it had been collected. The motion is now made for leave to issue execution against the defendant, and it is opposed on several grounds :

1. For that personal notice has not been given to the defendant of the proposed motion.

2. For that the return of the sheriff and the docket show satisfaction of the judgment.

3. For that there has not been and is not now any corporate organization known as the " Halcyon Steamboat Company."

I. Notice was served upon R. M. Orrell, "the superintendent and general agent of the Halcyon Steamboat Com-

pany," as he styles himself in accepting service of the warrant issued in the original action, upon the recognition of the validity of which all subsequent proceedings in the cause were conducted, terminating in the final judgment now sought to be revived. Notice was also given to the attorney who is now contesting the application. The existence of the corporation is necessarily determined by the proceedings conducted against it; and as it can only act through its agents, process must be served on some of them, or it could not be served at all. The statute provides that service of the summon may be made upon "the president or other head of the corporation, secretary, treasurer, a director or *managing agent*" of the corporation; and the same method of serving notice of a motion to revive a dormant judgment must be sufficient under the Code. § § 82, 256. The "*personal notice*" mentioned in section 256, is but in contra-distinction to that given "by publication or in such other manner as the court may direct."

II. The docket shows the sheriff returned the execution issued to him satisfied and that the money was paid into the office, but it also shows that it has been returned to the surety; and as this was done after the judgment was set aside as to the sureties and a necessary consequence of the order, it affirmatively appears that the judgment has not been satisfied. It is as if no collection had been made.

III. As we have already observed, it is too late to deny the organization and existence of the corporation, after it has answered to the action and made an unsuccessful resistance to the plaintiff's demand. If it were an open question and proof was necessary to show the existence of a corporate body, the very act of contracting the debt in its corporate capacity would be an obstacle, if not an estoppel, in the way of escaping the obligations upon such ground. Abb. Trial Evi., 28. But this enquiry is concluded by the judgment.

The plaintiffs are entitled to their motion for leave to sue out execution, and it is so adjudged.

PER CURIAM. Motion allowed.